UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON KELLER,

    Plaintiff,

Case No. 17-11807

Honorable Nancy G. Edmunds

v.

CLEAN HARBORS, INC.,

    Defendant.
_____/

**OPINION AND ORDER ACCEPTING IN PART THE MAGISTRATE JUDGE'S
JANUARY 31, 2018 REPORT AND RECOMMENDATION [17]**

This matter is before the Court on Magistrate Judge Stafford's Report and Recommendation [17] to deny Defendant's Motion to Dismiss [8], pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Defendant has filed two objections [20] to the Report and Recommendation. For the reasons that follow, the Court adopts the unobjected to portion of the Magistrate Judge's Report and Recommendation and DENIES Defendant's Motion to Dismiss.

This Court performs a *de novo* review of those portions of Magistrate Judge Stafford's Report and Recommendation to which Plaintiff has objected. 28 U.S.C. § 636(b). The Court need not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Moreover, an objection that "does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.'" *Aldrich v. Bock,* 327 F. Supp. 2d. 743, 747 (E.D. Mich.

2004). Indeed, the purpose of an objection to a report and recommendation is to provide the Court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Id.* (quoting *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981)).

I.  **Introduction**

Plaintiff, Shannon Keller, a Michigan resident, filed a *pro se* complaint against Clean Harbors, Inc. ("Defendant"). The claim consisted of 1185 pages.[1] Plaintiff's complaint references her EEOC right to sue letter under Title VII and the Equal Pay Act, and alleges unlawful termination, retaliation, gender inequality, and sex stereotyping. (R&R; Dkt. 17, at 1; PgID 1740.) Plaintiff does not, however, identify a specific statute under which she is suing Defendant. Nonetheless, the Sixth Circuit liberally construes pleadings of a *pro se* litigant. *Martiv v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed. R. Civ. P. 8(e) ("All pleadings shall be so construed as to do substantial justice"). Based on the documents Plaintiff provides, Magistrate Judge Stafford and this Court assume these are Title VII and Equal Pay Act claims.

Defendant, a Massachusetts holding company, believes Plaintiff should have filed her complaint against non-party Clean Harbors Environmental Services, Inc. ("Environmental Services"), one of its wholly owned subsidiaries that does business in Michigan. (D. Mot. to Dismiss; Dkt. 8, at 9; PgID 1204.) Defendant's Motion to Dismiss, seeks to dismiss the

---

[1]This Court reiterates Magistrate Judge Stafford's warning that Plaintiff's filings are far too voluminous.

complaint pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction. Defendant's arguments rely almost exclusively on two declarations which contradict Plaintiff's factual claims, those of Michael McDonald and Julie Vacca-Hulak. Michael McDonald is the Senior Vice President, General Counsel and Assistant Secretary for Defendant and also Vice President of Environmental Services. (Dkt. 17, at 10; PgID 1749.) Julie Vacca-Hulak is the Human Resource Director for Environmental Services. Together these declarations state Environmental Services alone employed Plaintiff, and contradict the jurisdictional facts Plaintiff asserts. Plaintiff's 419 page Response to Defendant's Motion to Dismiss (Dkt. 10,) amounted to a document dump, although some of that evidence the Magistrate Judge found helpful for resolving the motion. Defendant's August 2017 Reply in support of Defendant's Motion to Dismiss, again emphasized the sworn declaration of Michael McDonald and then addressed two pieces of the evidence Plaintiff included in her voluminous response. Defendant noted that the non-competition/confidentiality agreements Plaintiff executed with Defendant, are all governed by the laws of Massachusetts, meaning they did not avail themselves of Michigan's laws. Defendant also emphasized that the EEOC Charge of Discrimination identifies Plaintiff's employer as Environmental Services and not Defendant.

## II.     Standard of Review - Personal Jurisdiction

Under Fed. R. Civ. P. 12(b)(2), "[t]he plaintiff bears the burden of establishing that jurisdiction exists." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). However, when a court rules on a motion to dismiss under Fed. R. Civ. P. 12(b)(2) without conducting an evidentiary hearing, "th[at] burden on the plaintiff is relatively slight." *Air*

3

*Prod. Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (quoting *Am Greets Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)).

A district court has three procedural options when deciding a 12(b)(2) motion. *Theunissen*, 935 F.2d at 1458. It may decide the motion based on (i) written submissions and affidavits alone, (ii) hold an evidentiary hearing on the merits of the motion, or (iii) order discovery limited to the personal jurisdiction issue. *Air Prod.*, 503 F.3d at 549; *Theunissen*, 935 F.2d at 1458. "[A] defendant who alleges facts that would defeat the court's personal jurisdiction can invoke the court's discretion to order a pretrial evidentiary hearing on those facts." *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). "[T]his rule prevents a defendant from 'defeat[ing] personal jurisdiction merely by filing a written affidavit contradicting jurisdictional facts alleged by a plaintiff.' " *Shneider v. Hardesty*, 669 F.3d 693, 697 ((6th Cir. 2012) (quoting *Serras*, 875 F.2d at 1214).

Here, neither party asked for limited discovery or for an evidentiary hearing. The Magistrate Judge therefore proceeded to resolve Defendant's motion based solely on the written submissions.

Where there has been no evidentiary hearing, the plaintiff need only present a *prima facie* case in support of jurisdiction to defeat dismissal. *Theunissen*, 935 F.2d at 1458. *See also Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012) (observing that in order to defeat a motion to dismiss for lack of personal jurisdiction, the plaintiff's affidavits must only make out a *prima facie* showing and the pleadings and affidavits are viewed in the light most favorable to the plaintiff). A plaintiff may make a *prima facie* showing of jurisdiction by "establishing with reasonable particularity sufficient contacts

4

between [the defendant] and the forum state to support jurisdiction." *Lexon Ins. Co. v. Devinshire Land Dev., LLC*, 573 Fed.Appx. 427, 429 (6th Cir. 2014).

A district court must view all pleadings and affidavits in the light most favorable to the plaintiff. *Miller*, 694 F.3d at 678. Also, the district court does "not weigh the controverting assertions of the party seeking dismissal," *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008). *See also Serras*, 875 F.2d at 1214 ("If [the plaintiff] meets [the *prima facie*] burden the motion to dismiss should be denied, notwithstanding any controverting presentation by the moving party.") This prevents a defendant "from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

Defendant's factual disagreements with Plaintiff, and specifically Defendant's two supporting sworn declarations, at this stage are not weighed. Dismissal is only appropriate "if all the specific facts which the plaintiff [ ] alleges, collectively fail to state a *prima facie* case for jurisdiction," when viewed in the light most favorable to Plaintiff. *CompuServe, Inc.*, 89 F.3d at 1262.

If a plaintiff has presented a *prima facie* case for personal jurisdiction, the party opposing jurisdiction "remain[s] free to further contest the issue by requesting an evidentiary hearing or by moving for summary judgment if [ ] discovery reveals a material variance from the facts" plaintiff presented in their pleadings. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 893 (6th Cir. 2002); *MAGIAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017).

**II.   Defendant's Objections**

Under Michigan's long-arm statute, limited personal jurisdiction over a nonresident corporation is established for claims "arising out of the act or acts which create any of the following relationships," including "[t]he transaction of any business within the state," "[t]he doing or causing of any act to be done, or consequences to occur, in the state resulting in an action for tort, " and the "[e]ntering into a contract for services to be performed or for materials to be furnished in the state by the defendant." M.C.L. §600.715(5). Under Michigan law, specific jurisdiction requires three elements (i) purposeful-availment, (ii) that the cause of action must arise from Defendant's activities here, and (iii) that the acts of the Defendant must have a connection with the forum state. The Sixth Circuit states even the slightest act of business establishes personal jurisdiction in Michigan. *Neogen*, 282 F.3d at 888.

Defendant filed two objections to the Magistrate Judge's Report and Recommendation. (Dkt. 20.) Defendant's first objection argues Magistrate Judge Stafford erroneously determined Defendant was Plaintiff's employer, without applying the Sixth Circuit's legal standard for defining an employer-employee relationship. Defendant claims the Report and Recommendation's lack of analysis of whether Defendant controlled the manner and means of Plaintiff's day-to-day employment is an error, sufficient to justify the rejection of that portion of the holding. (Dkt. 20, at 15; PgID 1930.)

Defendant's second objection states the Magistrate Judge incorrectly held that Defendant and Environmental Services are alter-egos. Defendant disputes each of Magistrate Judge Stafford's determinations regarding the seven factor alter-ego test. Defendant further argues Magistrate Judge Stafford should have found McDonald's declaration dispositive, despite the present procedural posture described above, which

makes such a finding inappropriate.  Defendant also argues that Magistrate Judge Stafford improperly acted as an advocate for Plaintiff, a *pro se* litigant, despite the fact the Sixth Circuit holds *pro se* pleadings to especially liberal standards.  *Herron*, 203 F.3d at 414.

Even assuming these objections were correct, Magistrate Judge Stafford found a third basis for personal jurisdiction over Defendant in the Report and Recommendation.  (Dkt. 17, at 15; PgID 1754)  Magistrate Judge Stafford held in Section D of the Report and Recommendation that minimum contacts exist, that there is limited personal jurisdiction over Defendant as a nonresident corporation, and that the exercise of personal jurisdiction over Defendant satisfies the three due process requirements.  Defendant does not object to this finding in the Magistrate Judge's report.

This Court performs a *de novo* review of those portions of the Report and Recommendation to which Plaintiff has objected. 28 U.S.C. § 636(b). The Court need not perform a *de novo* review of the report's unobjected-to findings. *Thomas*, 474 U.S. at 150. A plaintiff waives his right to appeal a district court's judgment by failing to file objections to findings in the magistrate judge's report and recommendation after being fairly advised to do so.  *Id,* at 155; *See also United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  "[T]he failure to object to the magistrate judge's report[] releases the Court from its duty to independently review the matter." *Hall v. Rawal*, 09-10933, 2012 WL 3639070, at *1 (E.D.Mich. Aug. 24, 2012) (citation omitted). The Court nevertheless, reviews the magistrate judge's recommendation regarding this basis for personal jurisdiction over Defendant.

7

Under the purposeful-availment prong of personal jurisdiction analysis, Plaintiff must establish that Defendant purposefully availed themselves of the privilege of acting in Michigan or causing a consequent in Michigan. According to the Sixth Circuit,

> [p]urposeful availment is something akin to a deliberate undertaking to do or cause an act or thing to be done in the forum state or conduct which can be properly regarded as a prime generating cause of the effects resulting in the forum state, something more than a passive availment of the forum state's opportunities. The purposeful availment requirement is satisfied when the defendant's contacts with the forum state proximately result from actions by the defendant himself that create a substantial connection with the forum state, and when the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there.

*Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 478 (6th Cir 2003). "The emphasis in the purposeful availment inquiry is whether the defendant has engaged in some overt actions connecting the defendant with the forum state." *Id.*

Magistrate Judge Stafford highlights several documents and contacts Defendant has with Plaintiff, and the State of Michigan throughout the Report and Recommendation. One of these contacts, the yellow pages advertisement, Defendant explains sufficiently to exclude it from the current discussion. However many more examples indicate Defendant took purposeful business action in the state of Michigan.

A sampling of these minimum contacts, include: (i) a November 2009 letter from Defendant which states, "Clean Harbors is pleased to offer you the position [of] Account Manager, reporting to Douglas Bayuk at the Sterling Heights location." (PgID 1291); (ii) Defendant's offer letter request form, indicating Plaintiff would work as an account manager for the Michigan location, under a department described as "US Sales Central." (PgID 1295-96); (iii) three confidentiality agreements, required for Plaintiff's continued employment, executed between Plaintiff and Defendant, although as stated above,

8

governed by the laws of Massachusetts. (PgID 1268-70) (PgID 1284-89); (iv) Defendant's approval of a car allowance for Plaintiff at the "Michigan: Sterling Heights Service Cente[r]." (PgID 1293); (v) Defendant's award to Plaintiff of a certificate of appreciation for her five years of service in Michigan. (PgID 1297); (vi) an August 2013 email to Plaintiff from Defendant's chairman and chief executive addressed to "All employees" describing a company-wide alcohol and drug policy. (PgID 1546); and (vii) a January 2015 Private and Confidential Letter from Defendant's corporate card program manager sent to Plaintiff to notify her that her company Visa account had been cancelled due to an unpaid balance. (PgID 1548.) Finally Plaintiff provided a document showing that Defendant entered into a blanket purchase agreement with the United States Navy to provide environmental services in 15 states, including Michigan. (PgID 1391.) This is work that presumably Michigan personnel such as Plaintiff would have carried out.

This evidence, when viewed in the light most favorable to Plaintiff, establishes a *prima facie* case, that under Michigan's long-arm statute and within the three due process requirement, Defendant has sufficient minimal contacts for this Court to exercise limited personal jurisdiction over Defendant as a nonresident corporation. Defendant oversaw the hiring of Plaintiff, entered into noncompetition agreements with her for her work in Michigan, and exercised at least some control over policies managing Plaintiff's work. Defendant also entered into contracts to perform work for the Navy in Michigan. The Sixth Circuit states even the slightest act of business establishes personal jurisdiction in Michigan, and this evidence meets that threshold. *Neogen Corp.*, 282 F.3d at 888.

Since Defendant did not object to Magistrate Judge Stafford's finding that this Court has personal jurisdiction under the Michigan long-arm statute, nor that exercising personal

jurisdiction would be a constitutional due process violation, and since the Court agrees with the Magistrate Judge's finding, that Plaintiff has adequately presented a *prima facie* case that Defendant has minimum contacts with the State of Michigan, personal jurisdiction over Defendant is appropriate. The Court need not, and does not, address Defendant's two non-determinative objections.

The Court adopts this Report and Recommendation as relates to Michigan's Long-Arm Statute and Due Process determination. The Court reminds the parties that under this procedural position, Defendant remains free to continue to contest the issue of personal jurisdiction. Defendant may request an evidentiary hearing or move for summary judgment if discovery reveals the facts to be different from what Plaintiff has presented. *Neogen*, 282 F.3d at 893; *MAGIAS*, 854 F.3d at 899.

## IV. Conclusion

For the reasons thus stated, the Court ADOPTS in part the Magistrate Judge's Report and Recommendation and DENIES Defendant's Motion to Dismiss for lack of personal jurisdiction.

SO ORDERED.

                                          s/Nancy G. Edmunds
                                          Nancy G. Edmunds
                                          United States District Judge

Dated: March 26, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2018, by electronic and/or ordinary mail.

                                          s/Lisa Bartlett
                                          Case Manager