UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON KELLER,   Civil Action No.: 17-11807
  Honorable Nancy G. Edmunds
        Plaintiff   Magistrate Judge Elizabeth A. Stafford

v.

CLEAN HARBORS, INC.,

        Defendant.

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
[ECF NO. 18]**

## I.    Introduction

Plaintiff Shannon Keller, acting *pro se*, sues Defendant Clean Harbors, Inc., for alleged unlawful termination, retaliation, gender inequality, and sex stereotyping. [ECF No. 1, PageID 1-2; ECF No. 1-11, PageID 1184]. Her complaint does not identify a specific statute under which she is suing Clean Harbors, but she is presumed to be suing under Title VII and the Equal Pay Act. [ECF No. 1, PageID 6-7; ECF No. 17, PageID 1740; ECF No. 25, PageID 2053]. Before the Court is Keller's motion for preliminary injunction, to which Clean Harbor's has responded. [ECF No. 18, 24]. Her motion should be denied.

## II.     Analysis

Keller's request for injunction relief pertains to alleged libelous and slanderous statements made by Clean Harbors after her employment was terminated. [ECF No. 18, PageID 1787-88]. Although the Court has not compared Keller's full 1185-page complaint to her motion for preliminary injunction, [ECF No. 1], the relief she requests in her motion appears to be unrelated to her Title VII or Equal Pay Act claims. "Courts consistently deny motions for preliminary injunctions where the requested relief is unrelated to the conduct alleged in the complaint." *Worth v. Wamsley*, No. 2:17-CV-43, 2017 WL 1227672, at *2 (S.D. Ohio Apr. 4, 2017), *report and recommendation adopted*, No. 2:17-CV-00043, 2018 WL 1315017 (S.D. Ohio Mar. 14, 2018) (collecting cases).

Keller's motion is also deficient because it relies on her unsupported and conclusory assertions. As the movant, she bears a heavy burden of demonstrating entitlement to injunctive relief. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000); *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012).

Keller states that Clean Harbors strategically released confidential information to deliberately harm her, and "is in bad faith engaging in 'blacklisting' of [her] as a form of retaliation to cause undo harm," but she cites no proof.  [ECF No. 18, PageID 1779-80].  Keller does include dozens of documents with her motion, but she does not explain how they support her claims, and the Court will not scrutinize those documents for her. *Magnum Towing & Recovery v. City of Toledo*, 287 Fed. App'x 442, 449 (6th Cir. 2008) (it is not the court's job to search through the record to develop a party's claims); *Fielder v. Comm'r of Soc. Sec.*, No. 13–10325, 2014 WL 1207865, at *1 (E.D. Mich. Mar. 24, 2014) (rejecting attorney's invitation to search the record on client's behalf).

The relief Keller requests in her motion for preliminary injunction appears to be unrelated to the claims she makes in her complaint, and she falls well short of meeting her heavy burden of demonstrating an entitlement to relief. Her motion should be denied.

### III.   Conclusion

Keller's motion for preliminary injunction **[ECF No. 18]** should be **DENIED**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: March 30, 2018

3

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2018.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager