UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON KELLER,

    Plaintiff,

v.

CLEAN HARBORS, INC.,

    Defendant.

_____/

Case No. 17-cv-11807

Honorable Nancy G. Edmunds

### ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S APRIL 30, 2019 REPORT AND RECOMMENDATION [63]

In this employment dispute, Plaintiff Sharron Keller, *pro se*, asserts claims against Defendant Clean Harbors, Inc. for alleged gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, the Equal Pay Act (EPA), 29 U.S.C. § 206(d), and Michigan's Elliot-Larsen Civil Rights Act (ECLRA), M.C.L. § 37.2202 *et seq*.

Pending before the Court is the Magistrate Judge's April 30, 2019 Report and Recommendation. (ECF No. 63.) The Magistrate Judge recommends that the Court grant Defendant's motion for summary judgment. Plaintiff raises nine objections to the Magistrate Judge's Report and Recommendation. (ECF No. 65.) Defendant opposes Plaintiff's objections. (ECF No. 66.) Defendant also raises two objections to part of the Magistrate Judge's Report & Recommendation. (ECF No. 64.) Plaintiff did not respond to Defendant's objections. The Court has conducted a *de novo* review of Plaintiff's and Defendant's objections. For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections, **SUSTAINS IN PART** Defendant's objections, **ACCEPTS** and

1

**ADOPTS** the Magistrate Judge's Report and Recommendation as set forth in this Order, and **GRANTS** Defendant's motion for summary judgment.

# I. Standard of Review

This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff and Defendant have objected. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b). The Court need not and does not perform a de novo review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, an objection that "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004). Indeed, the purpose of an objection to a report and recommendation is to provide the Court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Id.* (quoting *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981)).

# II. Analysis

## A. Plaintiff's Objections

Plaintiff raises nine objections to the Magistrate's Report and Recommendation. Three objections (1, 5, and 7) challenge the Magistrate Judge's finding that Plaintiff failed to establish her prima facie discrimination case.[1] Plaintiff's other objections (2-4, 8, and 9) challenge the Magistrate Judge's finding that Plaintiff did not establish pretext.

### 1. <u>Plaintiff's Objections # 1, 5 and 7</u>

---

[1] Objection # 6 does not actually raise an objection to the Magistrate Judge's recommendation; rather it just provides an explanation as to why Plaintiff did not respond to Defendant's motion for summary judgment on her Equal Pay Act claim.

In Objection #1, Plaintiff argues that the Magistrate Judge erred in finding that Plaintiff did not establish all elements of her prima facie claim of gender-based disparate treatment. The Magistrate Judge determined that Plaintiff did not establish that Plaintiff was replaced by someone outside of the protected class or treated differently than similarly situated male employees for the same or similar conduct. Plaintiff contends that the Magistrate Judge erred by considering the testimony of David Parry[2], Clean Harbors Environmental Services former president, but not considering Plaintiff's own declaration which Plaintiff contends provides sufficient evidence of discrimination.

Plaintiff's objection #1 is overruled. The Magistrate Judge did consider Plaintiff's claims and statements but found that Plaintiff relied solely on conjecture to satisfy the fourth element of her prima facie case. Moreover, the evidence submitted by Plaintiff was insufficient to raise a genuine issue of material fact as to whether Plaintiff was replaced by a new male employee.

In Objection #5, Plaintiff states the Magistrate Judge erred by not considering the declaration of Carly Graham and certain gender and discrimination policies used by Defendant. This objection is overruled. As an initial matter, there is no indication that the Graham declaration and the company policies in the record were not considered by the Magistrate Judge. Moreover, Plaintiff fails to explain how this evidence would create a material question of fact as to whether Defendant's officers knew about Plaintiff's alleged complaints. As Defendant correctly notes in its response, this objection requires the Court to speculate on several factors. It does not provide evidence to support its assertions. It is therefore overruled.

---

[2] Parry testified that Plaintiff's duties were absorbed by existing employees after her termination.

3

In Objection # 7, Plaintiff argues that the Magistrate Judge erred in finding that Plaintiff could not prove a prima facie case for retaliation. The Magistrate Judge found that Plaintiff did not produce any evidence demonstrating that David Parry, who was responsible for Plaintiff's termination, knew of Plaintiff's prior complaints regarding discriminatory employment practices. Plaintiff's objection does not challenge this finding but instead seems to list other alleged decisionmakers who were aware of her prior complaints. This is not sufficient evidence to raise a genuine issue of material fact as to whether David Parry knew of the same complaints. Objection # 7 is therefore overruled.

2. **Plaintiff's Objections # 2, 3, 4, 8 and 9**

In Objections # 2, 3, and 4, Plaintiff argues that the Magistrate Judge erred in relying on evidence and testimony provided by David Parry, Doug Bayuk, and Terri Meyers in finding that Defendant stated legitimate nondiscriminatory reasons for its adverse employment actions against Plaintiff. Plaintiff's objection misreads the Report and Recommendation. Once Defendant established that it had legitimate, non-discriminatory reasons for its actions against Plaintiff, the burden shifted to the Plaintiff to provide evidence showing that these reasons were pretextual. The Magistrate Judge found that Plaintiff had not proffered any evidence of pretext, and the Court agrees. Objections # 2-4 are therefore overruled.

In Objection # 8, Plaintiff argues the Magistrate Judge erred by stating that Plaintiff cannot show her termination was based on gender. This objection is overruled. As the Magistrate Judge found, Plaintiff fails to present sufficient actual evidence to support her gender discrimination allegations.

4

Finally, in Objection # 9, Plaintiff argues the Magistrate Judge erred in allowing Defendant's statements concerning its legitimate non-discriminatory reasons for the adverse employment actions. This objection is overruled. As the Magistrate Judge found, Plaintiff has failed to establish that Defendant's proffered reasons for its adverse actions against her were pretextual. As a result, the Magistrate Judge correctly found that Defendant is entitled to summary judgment.

**B. Defendant's Objections**

Defendant raises two objections to part of the Magistrate Judge's Report and Recommendation. Both objections concern the Magistrate Judge's finding that "evidence supports [Plaintiff's] claim that [Defendant] was her employer for Title IV [sic] and ELCRA purposes." (ECF No. 64, PG.ID. 3685; citing ECF 63, PG.ID. 3662.) Defendant contends that because the Report and Recommendation recommends granting summary judgment on the merits, the Magistrate Judge's finding on single or joint employer status is superfluous. Defendant requests this Court reject or decline to adopt this part of the Report and Recommendation. Plaintiff did not respond to Defendant's objections.

While the Court declines to hold that the Magistrate Judge erred in concluding that Defendant was Plaintiff's employer for the purposes of Title VII, the Court agrees with Defendant that this portion of the Report and Recommendation is superfluous under the facts and circumstances presented here. Plaintiff failed to present sufficient evidence to survive summary judgment on the merits of her claims, and therefore it is irrelevant whether Plaintiff established that Defendant was her employer. Accordingly, in accepting the Magistrate Judge's R&R, the Court does not adopt Part B of the R&R.

### III. Conclusion

For the above-stated reasons, and for the reasons provided in the Magistrate Judge's Report and Recommendation, the Court **OVERRULES** Plaintiff's objections, **SUSTAINS IN PART** Defendant's objections, **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation as modified herein, and **GRANTS** Defendant's motion for summary judgment.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 21, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 21, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager